UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CURTIS KERN,<br><br>            Plaintiff,<br><br>    v.<br><br>DR. HO,<br><br>            Defendant. | No. 2:24-cv-1931 TLN CSK P<br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the Court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

1  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.
2  § 1915(b)(2).
3       As set forth below, plaintiff's complaint is dismissed with leave to amend.
4  I.   SCREENING STANDARDS
5       The court is required to screen complaints brought by prisoners seeking relief against a
6  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
7  court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally
8  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
9  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).
10      A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
11 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
12 Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an
13 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
14 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
15 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
16 Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.
17 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably
18 meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at
19 1227.
20      Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
21 statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
22 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
23 Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
24 In order to survive dismissal for failure to state a claim, a complaint must contain more than "a
25 formulaic recitation of the elements of a cause of action;" it must contain factual allegations
26 sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.
27 However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the
28 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v.

2

1    Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal

2    quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as

3    true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the

4    pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236

5    (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

6    II.     PLAINTIFF'S COMPLAINT

7            Plaintiff alleges that orthopedic specialist Dr. Ho consulted with plaintiff prior to an MRI

8    being taken on March 30, 2023.  (ECF No. 1 at 4.)  Plaintiff claims Dr. Ho lied to plaintiff and

9    "showed great neglect regarding the lipoma on [plaintiff's] left forearm," which is sitting on a

10   nerve, causing plaintiff extreme pain.  (Id.)  Plaintiff also alleges that the lipoma is pinching the

11   main artery to his heart, causing fluttering in plaintiff's arm and heartbeat.  Despite plaintiff

12   informing Dr. Ho about this, plaintiff alleges that Dr. Ho waited until March 19, 2024 to call

13   plaintiff to medical, when Dr. Ho knew plaintiff was leaving to prison.  (Id.)  Plaintiff alleges that

14   Dr. Ho said plaintiff had refused surgery to have the lipoma removed a year ago, but plaintiff

15   claims that Dr. Ho previously informed plaintiff he would have to wait until he was released and

16   find someone on his own to perform the surgery, which he alleges shows Dr. Ho's "dishonesty."

17   (Id.)  Plaintiff claims that Dr. Ho then told plaintiff that Dr. Ho found other nerve problems on

18   plaintiff's left side and Dr. Ho now thinks plaintiff should see a group of outside specialists and

19   get a fusion and a surgery before plaintiff transferred to state prison.  (Id.)  However, on March

20   21, 2024, plaintiff was "suddenly transferred to North Kern State Prison" with serious medical

21   issues, no medical procedures done, and no medical records supporting his need for surgery.  (Id.)

22            Plaintiff claims he feels a "great sense of medical neglect," and that "very careless actions

23   were made by moving [plaintiff] and not even informing Pelican Bay State Prison of plaintiff's

24   medical issues."  (Id.)  Plaintiff contends he remains in a great deal of pain, which is untreated.

25   Plaintiff also contends the lipoma has gotten much harder, his nerves constantly flutter trying to

26   circulate, and his heartbeat is very irregular.  Plaintiff contends he is at risk of stroke or heart

27   attack.  Plaintiff seeks unidentified injunctive relief, declaratory relief, and monetary damages.

28   (ECF No. 1 at 9.)  Plaintiff names Dr. Ho as the sole defendant.

III. DISCUSSION

    A.    <u>Standards Governing Medical Care</u>

A claim that prison officials are deliberately indifferent to an inmate's serious medical needs violates either the Eighth Amendment or Fourteenth Amendment, depending on whether plaintiff is a pre-trial detainee or incarcerated pursuant to a conviction.[1] <u>Farmer v. Brennan</u>, 511 U.S. 825, 832 (1994) (Eighth Amendment requires prison official to ensure that inmates receive adequate food, clothing, shelter, and medical care, and to take reasonable measures to guarantee inmates' safety); <u>Bell v. Wolfish</u>, 441 U.S. 520, 535 n.16 (1979) (pretrial detainee challenge to conditions of confinement is brought under Due Process Clause of Fourteenth Amendment).

        1. Fourteenth Amendment

"Pretrial detainees have a constitutional right to adequate medical care while in the custody of the government and awaiting trial." <u>Est. of Nelson v. Chelan Cnty.</u>, 2024 WL 1705923, at *9 (E.D. Wash. Apr. 19, 2024) (citing <u>Russell v. Lumitap</u>, 31 F.4th 729, 738 (9th Cir. 2022)). The claim is evaluated under an objective deliberate indifference standard. <u>Gordon v. Cty. of Orange</u>, 888 F.3d 1118, 1120, 1124-25 (9th Cir. 2018). To state a Fourteenth Amendment claim that a jail official was deliberately indifferent to a pretrial detainee's safety or health, the detainee must show that (1) the prison official made an intentional decision with respect to the conditions under which the pretrial detainee was confined; (2) those conditions put the pretrial detainee at substantial risk of suffering serious harm; (3) the prison official did not take reasonable available measures to abate that risk, even though a reasonable official in the

---

[1] Plaintiff was a state prisoner at the time he filed the instant complaint. According to plaintiff's petition for writ of habeas corpus, plaintiff was convicted on February 6, 2024. <u>Kern v. Superior Court</u>, No. 2:24-cv-2432 DAD JDP P (E.D. Cal.). A court may take judicial notice of court records. <u>See</u>, <u>e.g.</u>, <u>Bennett v. Medtronic, Inc.</u>, 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted).

Plaintiff was admitted to state custody on March 20, 2024. This information was obtained from the California Department of Corrections and Rehabilitation ("CDCR") Inmate Locator website, https://ciris.mt.cdcr.ca.gov/ (accessed Apr. 8, 2025). The Court may take judicial notice of public records available on online inmate locators. <u>See</u> <u>United States v. Basher</u>, 629 F.3d 1161, 1165 (9th Cir. 2011) (taking judicial notice of Bureau of Prisons' inmate locator available to the public); <u>see also</u> <u>Foley v. Martz</u>, 2018 WL 5111998, at *1 (S.D. Cal. Oct. 19, 2018) (taking judicial notice of CDCR's inmate locator).

1 circumstances would have appreciated the high degree of risk involved—making the
2 consequences of the prison official's conduct obvious; and (4) by not taking such measures, the
3 prison official caused the pretrial detainee's injuries. Id. at 1125.

4     For the third element, the defendant's conduct must be objectively unreasonable, "a test
5 that will necessarily turn[ ] on the facts and circumstances of each particular case." Id. (citations
6 and internal quotation marks omitted). The four-part test articulated in Gordon requires the
7 plaintiff to prove more than negligence, but less than subjective intent—something akin to
8 reckless disregard. See id. Mere negligence and a simple lack of due care do not violate the
9 Fourteenth Amendment. See Castro v. Cnty. of Los Angeles, 833 F.3d 1060, 1071 (9th Cir.
10 2016); Gordon, 888 F.3d at 1125.

        2. Eighth Amendment

12     To state an Eighth Amendment claim that a prison official is deliberately indifferent to an
13 inmate's serious medical needs in violation of the Eighth Amendment, the plaintiff must show
14 that the prison official knew that a prisoner faced a substantial risk of serious harm and
15 disregarded that risk by failing to take reasonable steps to abate it. Farmer, 511 U.S. at 837; Jett
16 v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). The two-part test for deliberate indifference
17 requires plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a
18 prisoner's condition could result in further significant injury or the 'unnecessary and wanton
19 infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent."
20 Id. Under the relevant Eighth Amendment standard, "prison officials who actually knew of a
21 substantial risk to inmate health or safety may be found free from liability if they responded
22 reasonably to the risk, even if the harm ultimately was not averted." Farmer, 511 U.S. at 844 ("A
23 prison official's duty under the Eighth Amendment is to ensure reasonable safety") (internal
24 quotation marks and citation omitted). To be deliberately indifferent in violation of the Eighth
25 Amendment, a prison official must have a subjective "state of mind more blameworthy than
26 negligence," akin to criminal recklessness. Id. at 835, 839-40.

27     Negligence allegations are insufficient. Deliberate indifference "requires more than
28 ordinary lack of due care." Colwell v. Bannister, 763 F.3d 1060, 1066 (9th Cir. 2014) (quoting

1  Farmer, 511 U.S. at 835).  The indifference to the prisoner's medical needs must be substantial --
2  negligence, inadvertence, or differences in medical judgment or opinion do not rise to the level of
3  a constitutional violation.  Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004) (negligence
4  constituting medical malpractice is not sufficient to establish an Eighth Amendment violation).

      B.     Analysis

      Here, plaintiff's allegations are too vague and conclusory to determine whether plaintiff can state a cognizable claim against Dr. Ho, an orthopedic specialist.  Plaintiff refers to neglect, but negligence is insufficient to rise to the level of an Eighth Amendment or Fourteenth Amendment violation.  Toguchi, 391 F.3d at 1058; Castro, 833 F.3d at 1071.  Plaintiff disagrees with what Dr. Ho allegedly told plaintiff prior to March 30, 2023, and which consult took place before plaintiff's MRI was taken on March 30, 2023.  However, it is well established that "a mere difference of medical opinion . . . [is] insufficient, as a matter of law, to establish deliberate indifference."  Toguchi, 391 F.3d at 1058 (alterations in original) (citation omitted).  This rule applies whether the difference is between the medical professional and a prisoner, or two or more medical professionals.  Hamby v. Hammond, 821 F.3d 1085, 1092 (9th Cir. 2016) (citation omitted).  Plaintiff must show that the treatment "was medically unacceptable under the circumstances" and was chosen "in conscious disregard of an excessive risk" to plaintiff's health.  Id.

      Plaintiff identifies Dr. Ho as an orthopedic specialist, but it is unclear whether Dr. Ho was employed at the jail, or whether he was an outside specialist contracted by the jail.  This distinction makes a difference because referrals to outside specialists require referral orders from medical professionals at the jail.  If Dr. Ho was an outside specialist, he would have no control over whether or when plaintiff was scheduled to be seen by Dr. Ho.

      Plaintiff's complaint provides no facts demonstrating he sought medical care after his 2023 MRI to seek treatment for his lipoma, or to seek further treatment by Dr. Ho, or to challenge Dr. Ho's alleged failure to provide surgery, or to complain of the extreme pain he was suffering.  Further, plaintiff provides no facts explaining how plaintiff was called to see Dr. Ho on March 19, 2024.  If plaintiff contends that the delay in receiving treatment for his lipoma was based on some

act or omission on the part of Dr. Ho, plaintiff must set forth specific facts showing that Dr. Ho's initial decision to defer surgery was medically unacceptable under the circumstances. See Hamby, 821 F.3d at 1092. Plaintiff provides no facts demonstrating that plaintiff saw Dr. Ho again until March 19, 2024, or that Dr. Ho was somehow made aware that plaintiff continued to suffer extreme pain after March 2023 as a result of the lipoma not being removed. In addition, while plaintiff questions Dr. Ho's March 19, 2024 findings that Dr. Ho had found other nerve problems on plaintiff's left side, should be seen by a group of outside specialists and get a fusion and a surgery, it is unclear whether those findings were based on Dr. Ho's review of the 2023 MRI, or his physical evaluation of plaintiff almost a year after the MRI.

Further, as an orthopedic specialist, Dr. Ho would have no control over plaintiff's transfer to state prison. Plaintiff's allegations demonstrate that Dr. Ho did not see plaintiff until March 19, 2024, and plaintiff was "suddenly moved to North Kern State Prison" on March 21, 2024. (ECF No. 1 at 4.) Subsequently, plaintiff was transferred to Pelican Bay State Prison, where he was housed when he filed the instant action. Plaintiff includes no factual allegations demonstrating that Dr. Ho was responsible for ensuring plaintiff received medical care after plaintiff was transferred away from the county jail, or that plaintiff's medical records be forwarded to the CDCR.

Finally, plaintiff's request for unspecified injunctive relief against defendant Dr. Ho is now moot because plaintiff is no longer housed at the Sacramento County Jail, but has been transferred to state custody, and plaintiff does not allege he has a reasonable expectation of returning to the county jail. See Stine v. Von Blankensee, 2024 WL 1406428, at *1 (9th Cir. Apr. 2, 2024) ("Stine's deliberate indifference claim seeking injunctive and declaratory relief has become moot because Stine was transferred to another prison"); Andrews v. Cervantes, 493 F.3d 1047, 1053 n.5 (9th Cir. 2007) (prisoner's claims for injunctive relief generally become moot upon transfer) (citing Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam) (holding claims for injunctive relief "relating to [a prison's] policies are moot" when the prisoner has been moved and "he has demonstrated no reasonable expectation of returning to [the prison]")); Greer v. KCSO Administration, 2021 WL 3857677, at *1 (E.D. Cal. Aug. 30, 2021), recommendation

adopted, 2021 WL 4502818 (Oct. 1, 2021) (finding Greer's claim for injunctive relief against county jail moot where he is incarcerated in state prison and there is no reasonable expectation he will return to the county jail), findings and recommendations adopted, 2021 WL 4502818 (Oct. 1, 2021).

### C. Leave to Amend

In light of the above deficiencies, plaintiff's complaint must be dismissed. Fed. R. Civ. P. 8(a)(2). The Court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. See e.g., West v. Atkins, 487 U.S. 42, 48 (1988). Also, the complaint must allege in specific terms how each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. Cnty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### IV. CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

8

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: April 9, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/kern1931.14n.csk

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| JAMES CURTIS KERN, | No. 2:24-cv-1931 TLN CSK P |
|---|---|
| Plaintiff, | |
| v. | NOTICE OF AMENDMENT |
| DR. HO, | |
| Defendant. | |

Plaintiff submits the following document in compliance with the court's order filed on _____ (date).

☐   Amended Complaint
(Check this box if submitting an Amended Complaint)

DATED:

_____
Plaintiff